Abraham A. Berry, J.
This is a summary proceeding instituted by the landlord to recover possession of a property involved in this proceeding located at 761 Manhattan Avenue, Brooklyn, N. Y., for nonpayment of rent for the month of September, 1956, and unpaid rent for the months of December, 1955, and January and February, 1956. Rent for the intervening months from March to August, 1956, inclusive, was paid.
The foregoing facts are not in dispute. The question directly posed to this court in this proceeding is the effect of the amendment to subdivision 2 of section 1410 of the Civil Practice Act, as added by chapter 495 of the Laws of 1952, which section now reads as follows: “ § 1410. When tenant may be removed. In either of the following cases, * * * a tenant or lessee at will, or at sufferance, or for part of a year, or for one or more years, of real property, including a specific or undivided portion of a house or other dwelling, and his assigns, under-tenants or legal representatives, may be removed therefrom, as prescribed in this article: * * * 2. Where he holds over, with or without the permission of the landlord after a default in the payment of rent, pursuant to the agreement, or successive agreements, under which the demised premises are held, and a demand of the rent has been made, or at least three days’ notice in writing requiring, in the alternative, the payment of the rent, or the possession of the premises, has been served in behalf of the person entitled to the rent upon the person owing it as prescribed in this article for' the service of a precept, unless the landlord shall expressly consent in writing to permit the tenant to continue in possession, which consent shall be revocable at will, in which event the landlord shall be deemed to have waived his right to summary dispossess for non-payment of rent accruing during the time said consent remains unrevoked.”
The tenant has appeared by the attorney for the department of Avelfare as amicus curies. Both parties have asked for the opportunity of submitting memoranda on this issue. The court has read the various cases cited by both parties. None of the cases is directly in point. They concern themselves primarily with unpaid rent accruing during a period of time when rent was paid to the landlord during the pendency of various proceedings before the Temporary State Rent Housing Commission. It is the contention of the attorney for the department of wel *1030 fare that the section as amended should only apply to those accruals. The court cannot agree with the interpretation so sought to be placed upon the amendment, for the reason that even prior to the legislative enactment of chapter 495 of the Laws of 1952, the Court of Appeals in Wasservogel v. Meyerowitz (300 N. Y. 125, 134) stated:
“ Some argument has been made that the acceptance by these landlords, while their petitions for higher rents were pending, of the lease rentals estopped them, or amounted to a waiver by them. Since they were, during that pendency of those petitions, forbidden to accept more than the rents theretofore fixed, there is no basis for charging them with either waiver or estoppel.
“ We conclude that these rent increases became effective on the respective dates of expiration of the four leases, that is: as to respondent Meyerowitz on November 1,1947, as to respondent Dornbush on April 1, 1948, as to respondent Silverman on April 1,1948, and as to respondent Becker on December 1,1947.”
The court therefore concludes that the landlord did not waive his right to collect the unpaid rent for the months of December, 1955, January and February, 1956, by summary proceedings, and that the landlord is entitled to a final order in the sum of $92. Five days’ stay.